JOHNSON, Judge.
This is an appeal from a final judgment dismissing, with prejudice, the appellants’ second amended complaint.
The complaints, as amended, sought money damages for breach of an oral agreement, which was a modification of a prior written agreement, to provide water and sewer connections for certain additional property. The trial court dismissed the complaints for the reason that the agreement fell within the provisions of the statute of frauds as being an agreement not to be performed within the space of one year from the making thereof. Appellants attempt herein, as they did below, to bring the facts of this case within the holding of Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937), wherein it was stated:
“When, ... no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the par *120 ties, it should not be construed as being within the statute of frauds.”
However, the Yates case, supra, goes on to state as follows:
“The general rule so stated is subject to the qualifying rule that when no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.”
We agree with the lower court’s judgment dismissing the complaint and we quote with approval his explanatory ruling thereon.
“It is apparent from the factual situation disclosed by the complaint that under the surrounding circumstances it is clear that the parties intended that the agreement would extend for a longer period than a year. This is borne out by the fact that, although the alleged agreement was entered into in 1966, it was not until 1971 that the plaintiffs erected structures on the lots in question, requiring the sewer and water connections. In short, it is apparent that plaintiffs intended the agreement to be indefinite as to the time of performance, depending upon when they should decide to commence construction, so it is apparent from the surrounding circumstances and the actual facts that the parties intended the agreement to stand for a longer period than a year.”
For the reasons stated above, the final judgment dismissing the appellants’ second amended complaint with prejudice is affirmed.
Affirmed.
SPECTOR, C. J., and WIGGINTON, J., concur.